Robert J. Campos #011817
**ROBERT J. CAMPOS**
**& ASSOCIATES, P.L.C.**
51 East Lexington Avenue
Phoenix, AZ 85012
Telephone (602) 222-3440
Facsimile   (602) 595-9683
Email info@robertjcampos.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

JESUS SANCHEZ LLOVERA,                    )
                                          )   No.:  CV 12-00712-PHX-SRB
        Plaintiff                     )   _____
                                          )
        vs.                           )
                                          )
MARICOPA COUNTY, a public entity;         )   **PLAINTIFF'S RESPONSE TO**
                                          )   **DEFENDANTS' MOTION TO**
MARICOPA COUNTY SHERIFF'S                  )   **DISMISS MARICOPA COUNTY**
                                          )   **SHERIFF'S OFFICE AND**
OFFICE, a division of Maricopa County;    )   **MARICOPA COUNTY BOARD OF**
                                          )   **SUPERVISORS**
SHERIFF JOSEPH ARPAIO and AVA             )
                                          )
ARPAIO, husband and wife; STEVEN          )
                                          )
SEAGAL and JANE DOE SEAGAL,               )
                                          )
husband and wife; MARICOPA COUNTY )
                                          )
BOARD OF SUPERVISORS, the                 )
                                          )
governing body of Maricopa County;        )
                                          )
FULTON BROCK and JANE DOE                 )
                                          )
BROCK, husband and wife; DON              )
                                          )
STAPLEY and JANE DOE STAPELY,             )
                                          )
husband and wife; ANDREW KUNASEK )
_____)

and JANE DOE KUNASEK, husband and )
wife; MAX WILSON and JANE DOE )
WILSON, husband and wife; MARY )
ROSE WILCOX and JOHN DOE )
WILCOX, husband and wife; JOHN DOE )
SUPERVISORS I-X; JANE DOE )
SUPERVISORS I-X; JOHN DOES I-X; )
JANE DOES I-X, )
                    Defendants. )
_____ )

Plaintiff hereby files his Response in Opposition to the Motion to Dismiss filed by Defendants.  Defendants have moved for complete dismissal of the claims against them on several grounds, none of which is dispositive.  For several reasons, their Motion should be denied.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTUAL BACKGROUND**

This dispute concerns Sheriff Arpaio's abuse of power in using the improper arrest and criminal prosecution of Jesus Sanchez Llovera for no true and legitimate purpose other than to provide a platform for alleged Volunteer Posse member Steven Seagal to capture sensationalized footage for his reality television show while the Maricopa County Sheriff's Office Tactical Operations Unit destroyed Mr. Llovera's home.  Complaint at ¶¶ 37, 38.  Sheriff Arpaio ("Arpaio") staged the massive show of force to pander to his political base and the press for political gain.  *Id.*  Arpaio flexed his political muscle to

insist upon the investigation, arrest and prosecution of Mr. Llovera for allegedly owning possessing, keeping or training roosters to cockfight despite knowing that there was no evidence to support such a charge, believing it would gain him notoriety. *Id.* at ¶¶ 25, 26, 37, 38, 45.

Arpaio, recognized early on that no crime had been committed and that there was no evidence or basis for any criminal charges against Mr. Llovera. *Id.* at ¶ 46. Still, Arpaio could not pass up the international media coverage Seagal's name would bring to the investigation and urged the bringing of baseless charges against Mr. Llovera. *Id.* at ¶¶ 41, 42. By doing so, Arpaio, Seagal and the MCSO violated Mr. Llovera's constitutional and Arizona law rights, and publicly and callously trampled Mr. Llovera's personal life, causing him tremendous suffering and anguish, for which Defendants must now account.

## II.   LEGAL ANALYSIS

### A.   Standard in Ruling on a Motion to Dismiss.

In considering Defendants' Motion to Dismiss, the factual allegations of the Complaint are deemed "true" and must be construed in a light most favorable to Plaintiff by "drawing all reasonable inferences in their favor." *Rhodes v. Robinson*, 408 F.3d 559, 563 (9th Cir. 2005) (reversing grant of motion to dismiss § 1983 complaint); *see Menendez v. Paddock Pool Const. Co.*, 836 P.2d 968, 971 (Ct. App. 1991). As the moving party, Defendant's bear the burden of proving to this Court that it is "beyond doubt" that Plaintiffs "can prove no set of facts in support of [their] claim which would

entitle [them] to relief." *Id.* (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)). Defendants have not and cannot meet this burden.

Furthermore, Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Section 1356 (2004). The notice pleading standard set forth in Rule 8 establishes "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). Therefore, a district court does not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also U.S. v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

### B.     Plaintiff's Claims are Ripe.

Defendants mistakenly contend that Plaintiff's claims brought under 42 U.S.C. § 1983 (Failure to Train, False Arrest and Conspiracy) are not ripe pursuant to the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Generally, a § 1983 plaintiff is required to prove that a conviction or sentence has been reversed to recover damages for allegedly unconstitutional conviction or imprisonment. *Id.* In *Heck*, the Court was concerned that § 1983 claims that require a plaintiff to prove the unlawfulness of his conviction or confinement would be filed before the underlying criminal matter is final, thereby furthering the possibility of creating conflicting resolutions arising out of the same or identical transaction. *Id.*

Claims such as false arrest, however, do not always require a § 1983 plaintiff to demonstrate that the underlying criminal matter resolved in the plaintiff's favor.  *See Wallace v. Kato*, 549 U.S. 384 (2007).  In *Heck*, the Court stated that "[i]f there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more."  *Id*. (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Own, Prosser and Keeton on Law of Torts 888 (5th ed. 1984))(internal quotes omitted).  Therefore, claims such as false arrest do not always pose the danger of creating conflicting resolutions among § 1983 claims and pending state criminal matters because their resolution does not imply that the plaintiff's conviction was unlawful.  For example, in *Heck*, the Court explained:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still outstanding conviction.  Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.  *Id.* at n. 7 (citations omitted).

In the case at bar, Plaintiff's claims do not operate as a collateral attack on his pending criminal matter in the Maricopa Superior Court.  Any findings validating Plaintiff's § 1983 damages claims in this Court would not invalidate Plaintiff's conviction if he is ultimately found guilty in state criminal proceedings.  Plaintiff's claims do not require him to prove the unlawfulness of his conviction.  Determinations of probable cause to arrest Plaintiff and whether the MCSO developed appropriate training policies for the MCSO Tactical Operations Unit and Volunteer Posse do not call into

question whether the state ultimately proves the elements of the charges listed in the indictment.  Plaintiff's § 1983 claims would not imply whether his conviction is lawful. Accordingly, the Court's holding in *Heck* does not bar Plaintiff's claims.

## C.   Plaintiff's Complaint Alleges Sufficient Facts to Demonstrate a Conspiracy Existed Among the Defendants.

Defendants contend that Plaintiff's Complaint does not state a claim for a conspiracy.  They are wrong.  To allege a conspiracy, a plaintiff must allege particularized allegations that a conspiracy existed.  *See Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2002)(complaint adequately alleged § 1983 conspiracy claim because it "alleged all of the necessary facts: the who, what, when, why, and how. No more is required at this stage").

Here, Plaintiff's Complaint adequately alleges that Arpaio, Seagal and several members acted in concert to deprive Plaintiff of his constitutional rights when they orchestrated a massive raid of Plaintiff's house.  Plaintiff's Complaint alleges that various members of the MCSO, under Arpaio's supervision, furthered the March 9, 2011, raid for the sole purpose of staging a political platform for Arpaio and providing a forum for Seagal to film his reality television show.  Furthermore, the foregoing violations of Plaintiff's constitutional rights were coordinated pursuant to a media contract that Arpaio executed with Seagal's production company.

Plaintiff's Complaint demonstrates that Arpaio, Seagal and other within MCSO acted together, during the course a media production contract, to arrest and prosecute Plaintiff despite the sheer lack of evidence of criminal wrongdoing.  Therefore, this Court must deny Defendants' motion dismiss Plaintiff's conspiracy claim.

**D.      The MCSO and Maricopa County Board of Supervisors as Jural Entities.**

Plaintiff believes that the MCSO can be considered a jural entity and that it has been characterized as such by this Court.  *Ortega Melendres v. Arpaio*, 598 F. Supp. 2d 1025, 1039 (D. Ariz. 2009).  He is, however, willing to dismiss the MCSO from this action.

Likewise, Plaintiff believes that the Maricopa County Board of Supervisors can be considered a jural entity.  He is however, willing to dismiss the Maricopa County Board of Supervisors and the individual members and their spouses from this action.

RESPECTFULLY SUBMITTED this <u>24th</u> day of April, 2012.


<u>/s/ Robert J. Campos</u>
Robert J. Campos
Attorney for Plaintiff

ORIGINAL of the foregoing **E-FILED** this
<u>24th</u> day of April, 2012 with automatically
generated **E-COPIES** to:

Honorable Susan R. Bolton
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 West Washington Street, SPC 50
Phoenix, Arizona 85003-2153

Mr. Joseph Vigil, Esq.
Maricopa County Attorney's Office
Civil Services Division
222 N. Central Ave., Ste. 1100
Phoenix, Arizona 85004
*Attorney for Defendants*


By: <u>/s/ Robert J. Campos</u>