WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By:     Joseph I. Vigil
        Deputy County Attorney
        State Bar No. 018677
        vigilj@mcao.maricopa.gov

CIVIL SERVICES DIVISION
222 N. Central Ave., Ste. 1100
Phoenix, AZ 85004
Telephone: (602) 506-8541
Facsimile: (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| JESUS SANCHEZ LLOVERA<br>         Plaintiffs,<br><br>v.<br><br>MARICOPA COUNTY, a public entity;<br>MARICOPA COUNTY SHERIFF'S<br>OFFICE, a division of Maricopa County;<br>SHERIFF JOSEPH ARPAIO and AVA<br>ARPAIO, husband and wife; STEVEN<br>SEAGAL and JANE DOE SEAGAL,<br>husband and wife; MARICOPA<br>COUNTY BOARD OF SUPERVISORS,<br>the governing body of Maricopa County;<br>FULTON BROCK and JANE DOE<br>BROCK, husband and wife; DON<br>STAPLEY and JANE DOE STAPLEY,<br>husband and wife; ANDREW<br>KUNASEK and JANE DOE<br>KUNASEK, husband and wife; MAX<br>WILSON and JANE DOE WILSON, | NO.  CV12-00712-PHX-SRB<br><br>**DEFENDANTS MARICOPA COUNTY'S, SHERIFF JOSEPH ARPAIO'S, AVA ARPAIO'S AND STEVEN SEAGAL'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| --- | --- |

husband and wife; MARY ROSE
WILCOX and JOHN DOE WILCOX,
husband and wife; JOHN DOE
SUPERVISORS I-X; JANE DOE
SUPERVISORS I-X; JOHN DOES I-X;
JANE DOES I-X,

           Defendants.

Defendants Maricopa County, Joseph and Ava Arpaio, and Steven Seagal, hereby submit their Answer to Plaintiffs' Complaint and admit, deny and affirmatively allege as set forth below.  The remaining Defendants set forth in the Caption have been dismissed by the Court in accordance with the Court's Order at Docket No. 6 and as such none of the allegations set forth herein are applicable to those dismissed Defendants.

1.      Answering paragraph 1, Defendants admit that Plaintiff asserts allegations under 42 U.S.C. § 1983, the United States Constitution and state tort law.

2.      Answering paragraph 2, Defendants admit that the Plaintiff filed a Notice of Claim.

3.      Answering paragraph 3, Defendants assert that the United States District Court has original jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims, United States constitutional claims and pendent jurisdiction over state law tort claims.

4.      Answering paragraph 4, Defendants assert that venue is proper in the United States District Court, District of Arizona.

**<u>RESPONSE TO GENERAL ALLEGATIONS SECTION OF COMPLAINT</u>**

5.      Paragraph 5 does not require a response.

6.      Answering paragraph 6, Defendants admit that Mr. Llovera was a resident of the City of Laveen, Arizona.

7.      Answering paragraph 7, Defendants admit that Maricopa County is a public entity and as such can be held vicariously liable for the actions of its employees under Arizona state tort law.  Maricopa County denies the blanket allegations of liability set forth in the remainder of part of paragraph 7 and further asserts that it has been dismissed from Counts 4 and 5 of the Complaint.

8.      Answering paragraph 8, Defendants assert that MCSO has been dismissed as it is a non-jural entity.

9.      Answering paragraph 9, Defendants admit that Joseph Arpaio was and is the duly elected sheriff of Maricopa County and asserts his responsibilities as sheriff are set forth in Arizona statute.  Admit that he is responsible for establishing policies and practices of his office.  Deny the remaining portions of paragraph 9.

10.     Answering paragraph 10, Defendants assert that at all times relevant hereto Mr. Seagal was a member of the MCSO posse and deny any allegations of wrongdoing or that he caused any damage or injury to the Plaintiff.

11.     Defendants assert that paragraph 11 no longer requires a response as all listed Defendants have been dismissed.  To the extent an answer is required, Defendants deny the allegations set forth therein.

12.     Defendants assert that paragraph 12 does not require a response as these are fictitious Defendants.

13.     Defendants assert that paragraph 13 does not require a response.

14.    Answering paragraph 14, Defendants deny that any of the listed Defendants committed any wrongful acts and deny that the marital community of any Defendant is liable as alleged.

15.    Defendants assert that paragraph 15 does not require a response.

**RESPONSE TO FACTUAL BASIS FOR CLAIMS FOR RELIEF**

16.    Defendants reassert all denials, admissions and assertions set forth herein.

17.    Answering paragraph 17, upon information and belief, Defendants admit that Phoenix Police Department conducted an investigation and served a search warrant on the home of the Plaintiff.

18.    Answering paragraph 18, upon information and belief, Defendants deny the allegations set forth therein.

19.    Answering paragraph 19, upon information and belief Phoenix Police Department did have some communication with MCSO around the time Phoenix Police Department served their search warrant on Mr. Llovera's residence relating to allegations of kidnapping and other alleged crimes.  Defendants assert that according to the Phoenix Police Report Detective Hess did contact Mr. Llovera.

20.    Answering paragraph 20, upon information and belief, Mr. Llovera did meet with Phoenix Police detectives.

21.    Answering paragraph 21, Defendants assert that they were not present during the meeting and as such can neither admit nor deny the allegations set forth therein.

22.     Answering paragraph 22, Defendants did not conduct the investigation and as such could not clear Mr. Llovera of any charges related to the investigation and they are without information sufficient to know whether or not charges were ever filed or submitted by the Phoenix Police Department.

23.     Answering paragraph 23, Defendants admit that Phoenix Police provided photographs at some point in time.

24.     Answering paragraph 24, Defendants admit that some of the pictures were of roosters but deny the remaining portion of the paragraph.

25.     Answering paragraph 25, Defendants admit that an investigation was being conducted of Mr. Llovera and a detective did drive by Mr. Llovera's home.

26.      Answering paragraph 26, Defendants deny the allegations set forth therein.

27.     Answering paragraph 27, Defendants admit that a valid and lawful search warrant was served on Mr. Llovera's residence.  Deny any remaining allegations.

28.     Answering paragraph 28, Defendants admit there was a contract between the Sheriff's office and a production company.  Deny that anyone was "embedded" as alleged.

29.     Answering paragraph 29, Defendants admit that the gate in question was breached.  Deny the remaining allegations.

30.     Answering paragraph 30, Defendants admit that the gate in question was breached.  Deny the remaining allegations.

31.     Answering paragraph 31, Defendants admit that a number of members of MCSO Tactical Operations Unit, wearing the appropriate gear, were used to secure the property to ensure the safety of all officers involved in serving the search warrant.

32.     Answering paragraph 32, Defendants deny the allegations set forth therein.

33.     Answering paragraph 33, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure.   Without waiving any objection, deny that any breach of the front door took place without first knocking and announcing the presence of the MCSO team a number of times.  Admit that the window and front door were breached when the Plaintiff failed to respond.  Admit that some footage was taken of the location.   Deny the remaining allegations.

34.     Answering paragraph 34, Defendants admit that once the door was breached Mr. Llovera was found in the home and taken into custody.  Defendants are without information sufficient to answer the remaining allegations and therefore deny the same.

35.     Answering paragraph 35, Defendants admit that Mr. Llovera was cuffed and deny the remaining allegations.

36.     Answering paragraph 36, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and as such, deny the same.

37.     Answering paragraph 37, Defendants deny the allegations set forth therein.

38.     Answering paragraph 38, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure.   Without waiving any

objection, admit only that a valid investigation was done of Mr. Llovera and deny the remaining allegations.

39.     Answering paragraph 39, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure.  Without waiving any objection, deny the allegations set forth therein.

40.     Answering paragraph 40, Defendants admit that a statement may have been made to the press about the valid and legal arrest of Mr. Llovera.  Defendants deny any remaining allegations.

41.     Answering paragraph 41, Defendants admit that Defendant Arpaio spoke to the press and deny the remaining allegations set forth therein.

42.     Answering paragraph 42, upon information and belief, Defendants admit only that there were media reports about the arrest.  Defendants can neither admit nor deny the remaining allegations as the Defendants have no control over the media.

43.     Answering paragraph 43, Defendants deny that any humiliation Mr. Llovera alleged to have suffered was caused by the Defendants.

44.     Answering paragraph 44, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure.  Without waiving any objection, Defendants admit statements may have been made to the press and assert that those statements speak for themselves.  Defendants assert that evidence of cockfighting was found on Mr. Llovera's property upon service of the valid and legal search warrant.

45.     Answering paragraph 45, Defendants deny the allegations set forth therein.

46.     Answering paragraph 46, Defendants assert that the charges filed against Mr. Llovera speak for themselves and his criminal charges are still pending.

47.     Answering paragraph 47, Defendants deny the allegations set forth therein.

48.     Answering paragraph 48, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

49.     Answering paragraph 49, Defendants are without knowledge or information as to the alleged suffering of Mr. Llovera and therefore deny the same.

50.     Answering paragraph 50, Defendants are without knowledge or information as to the alleged business loss.  Defendants deny that they are liable for any alleged loss of business.

51.     Answering paragraph 51, Defendants are without knowledge or information as to the amount of money Mr. Llovera has spent fighting his criminal charges. Defendants deny they are liable for those charges and further deny they are liable for any other damages being alleged.

52.     Answering paragraph 52, Defendants deny the allegations set forth therein.

53.     Answering paragraph 53, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the arrest and prosecution of Dr. Winston are irrelevant. Without waiving the objection and to the extent an answer is required, Defendant Arpaio deny any allegations of wrongdoing set forth therein.  The remaining Defendants are

without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

54.     Answering paragraph 54, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the arrest and prosecution of Dr. Winston are irrelevant. Without waiving the objection and to the extent an answer is required, Defendant Arpaio denies any allegations of wrongdoing set forth therein.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

55.     Answering paragraph 55, Defendant Arpaio denies the allegations set forth therein.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

56.     Answering paragraph 56, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the incident are irrelevant.  Without waiving the objection and to the extent an answer is required, Defendant Arpaio admits only that arrests took place and deny the remaining allegations set forth therein.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

57.     Answering paragraph 57, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the incident are irrelevant.  Without waiving the objection

and to the extent an answer is required, Defendant Arpaio admits only that an investigation and arrest did take place but denies the remaining allegations set forth therein.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

58.   Answering paragraph 58, Defendants assert that the facts and circumstances surrounding the arrests set forth therein are irrelevant.   To the extent an answer is required, Defendant Arpaio asserts that any statement to the press speak for themselves and denies making any false accusations.   The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

59.   Answering paragraph 59, Defendants deny the allegations set forth therein.

60.   Answering paragraph 60, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the incident are irrelevant.  Without waiving the objection and to the extent an answer is required, Defendant Arpaio admits only that an arrest took place and denies the remaining allegations of wrongdoing set forth therein.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

61.   Answering paragraph 61, Defendant Arpaio denies the allegations set forth therein.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

62.     Answering paragraph 62, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the incident are irrelevant.  Without waiving the objection and to the extent an answer is required Defendant Arpaio admits only that an arrest took place and denies any allegations that it was a wrongful arrest.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

63.     Answering paragraph 63, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the incident are irrelevant.  Without waiving the objection and to the extent an answer is required Defendant Arpaio denies any allegations that his or his department actions were wrongful or done without probable cause.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

64.     Answering paragraph 64, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the incident are irrelevant.  Without waiving the objection and to the extent an answer is required Defendant Arpaio denies any allegations of wrongdoing set forth therein.   The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

65.     Answering paragraph 65, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the incident are irrelevant.  Without waiving the objection and to the extent an answer is required Defendant Arpaio admits only that his office conducted an investigation and an arrest was made and denies all remaining allegations. The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

66.     Answering paragraph 66, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the incident are irrelevant.  Without waiving the objection and to the extent an answer is required, Defendant Arpaio denies the allegations set forth therein.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

67.     Answering paragraph 67, Defendants object to this paragraph as violating Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure and further assert that the facts and circumstances surrounding the incident are irrelevant.  Without waiving the objection and to the extent an answer is required, Defendant Arpaio denies the allegations.  The remaining Defendants are without information sufficient to form a belief as to the allegations contained therein and therefore deny the same.

68.     Answering paragraph 68, Defendants deny the allegations set forth therein.

### RESPONSE TO FIRST CLAIM FOR RELIEF

69.     Defendants reassert and incorporate all prior admissions, denials and assertions.

70.     Answering paragraph 70, Defendants admit that Defendant Arpaio is the duly elected Sheriff of Maricopa County and his duties and responsibilities as the duly elected Sheriff are set forth in Arizona statute, which include overseeing the operations of the Maricopa County Sheriff's Office.   Whether or not Defendant Arpaio is a policy maker for Maricopa County and for what purpose is a question of law to be determined during the course of this litigation and as such Defendants deny the same.

71.     Answering paragraph 71, Defendants admit that any actions taken in their official duties were taken under the color of law.

72.     Answering paragraph 72, Defendants can neither admit nor deny the assertion set forth therein but assert that any actions of Sheriff Arpaio were conducted in his official capacity.

73.     Answering paragraph 73, Defendants admit only that the listed entities who are still Defendants in this action are liable of the actions of their respective employees under state tort law and to the extent the employees were acting within the course and scope of their employment.   Defendants deny any remaining allegations.

74.     Answering paragraph 74, Defendants can neither admit nor deny the allegations as Plaintiff has failed to identify any policies.   However, Defendants deny that any of the applicable policies were unconstitutional.

75.     Answering paragraph 75 through 83, Defendants deny the allegations set forth therein.

76.     Answering paragraph 84, Defendants assert that the listed Defendants have been dismissed and as such this allegations does not require an answer.  To the extent an answer is required, Defendants deny the allegations.

## RESPONSE SECOND CLAIM FOR RELIEF

77.     Defendants reassert and incorporate all prior admissions, denials and assertions.

78.     Answering paragraphs 86, Defendants reassert the answer in paragraph 71.

79.     Answering paragraph 87 through 95, Defendants deny the allegations set forth in each of the paragraphs.

## RESPONSE TO THIRD CLAIM FOR RELIEF

80.     Defendants reassert and incorporate all prior admissions, denials and assertions.

81.     Answering paragraphs 97 through 101, Defendants deny the allegations set forth therein.

## RESPONSE TO FOURTH CLAIM FOR RELIEF

82.     Defendants reassert and incorporate all prior admissions, denials and assertions.

83.     Answering paragraphs 103 through 105, deny the allegations set forth therein.  Defendants assert that all defendants except for Arpaio and Seagal have been dismissed from this claim for relief.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

84.    Defendants reassert and incorporate all prior admissions, denials and assertions and assert that all Defendants but Defendant Joseph Arpaio have been dismissed from this claim for relief.

85.    Answering paragraph 107, Defendant Arpaio admits that his office is responsible for training volunteer posse members and ensuring compliance with all laws and procedures.  Defendant Arpaio asserts his office was incompliance with any such duties.

86.    Answering paragraph 108, Defendant Arpaio admits that his office is responsible for creating policies and procedures pertaining to volunteer posse members.

87.    Answering paragraph 109, Defendant Arpaio admits that his office is responsible for hiring and training volunteer posse members.

88.    Answering paragraphs 110 through 114, Defendant Arpaio denies the allegations set forth therein.

89.    Answering paragraph 114, Defendant Arpaio denies he is liable to the Plaintiff for any alleged damages or that he caused the Plaintiff to suffer any damages.

90.    Answering paragraph 115, Defendant Arpaio admits that the Plaintiff is requesting a jury trial.

91.    Defendants deny each and every allegation that is not specifically addressed herein.  Specifically, Defendants deny that they in any way violated any of Plaintiff's constitutional rights; deny that the Plaintiff was arrested and prosecuted

without probable cause; deny that they were negligent in any manner; and further deny any allegations of wrongdoing as it pertains to any unrelated cases as outlined in the Complaint.

## AFFIRMATIVE DEFENSES

92.     As and for affirmative defenses to the Complaint, Defendants assert the following affirmative defenses that may be raised herein:

a.     Asserts all affirmative defenses set forth in Rule 8(c), Federal Rules of Civil Procedure, including, but not limited to, assumption of the risk; contributory or comparative negligence; estoppel; illegality; res judicata; and waiver.

b.     Superseding/intervening cause - prosecutors and judicial officers intervened to prosecute the Plaintiff for charges stemming from the legitimate investigation and arrest of the Plaintiff.

c.     Reasonable suspicion was present to conduct the investigation into the actions of the Plaintiff.

d.     Probable cause was present to not only investigate the Plaintiff, but also to obtain the search warrant of his residence.   The grand jury on two occasions, along with the Court in the preliminary hearing, and the Judge conducting the hearing on the motion to suppress, determined that there was probable cause for the search warrant and ultimately for his arrest.

e.     Probable cause to arrest the Plaintiff.

f.     Qualified and absolute immunity.

g.   Lack of causation.

h.   Good faith.

i.   Any claim for punitive damages is barred under state law and any claim for punitive damages under federal law is barred by the United States Constitution or other applicable authority.

j.   A number of Defendants have already been dismissed from this action and as such, allegations and claims as to those defendants are barred.

k.   Defendants reserve their right to raise any other affirmative defenses not specifically raised herein that may be discovered during the course of this litigation.

**PRAYER FOR RELIEF**

Defendants hereby request that the remaining claims' against them be dismissed in their entirety and that the Defendants be awarded any costs and fees expended in having to defend these claims.

**RESPECTFULLY SUBMITTED** this   19th    day of November 2012.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

BY: /s/ Joseph I. Vigil
        Joseph I. Vigil
        Deputy County Attorney
        *Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on the <u>19th</u> day of November 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of Electronic Filing to the following CM/ECF registrants:

Honorable Susan R. Bolton
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 West Washington Street, SPC 50
Phoenix, Arizona 85003-2153

And COPY mailed to:

Jesus Sanchez Llovera
4325 North Saratoga
Prescott Valley, AZ  86314
*Plaintiff Pro Per*

/s/ Joie Gulley

\\Ca-civ-fs0\data1\SHARE\COUNSEL\Civil\Matters\CJ\2011\Llovera v. MC CJ11-0127\Pleadings\Defendants Answer.doc